UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/29/2014

------------------------------------------------------------------X

VANTROY THOMPSON,

                            Plaintiff,

           -v-

CAROLYN W. COLVIN, *Acting Commissioner of
Social Security*,

                        Defendant.

12 Civ. 7024 (PAE) (HBP)

OPINION & ORDER

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Plaintiff Vantroy Thompson brings this action pursuant to § 205(g) of the Social Security

Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of

Social Security (the "Commissioner"), which denied Thompson's application for supplemental

security income ("SSI") benefits. Thompson moved for an order remanding this action to the

Commission, and the Commissioner cross-moved for judgment on the pleadings pursuant to

Federal Rule of Civil Procedure 12(c). Before the Court is the July 7, 2014 Report and

Recommendation of Magistrate Judge Henry B. Pitman, recommending that the Court deny

Thompson's motion and grant the Commissioner's motion. Dkt. 22 (the "Report"). For the

following reasons, the Court adopts the Report in full, finding it thorough and persuasive.

I.     **Background**[1]

Thompson, who is now 56 years old, claims that he became disabled on October 2, 2005

due to post-traumatic stress disorder, bipolar disorder, and depression. He briefly worked as a

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts
provided in the Report. Thompson does not object to the Report's recitation of the facts, and the
Court therefore adopts that recitation in full.

porter at an apartment building from July through October 2008, but he left that position because it required him to interact with other people.

On December 5, 2008, Thompson filed an application for SSI benefits. After the Social Security Administration denied his application on March 18, 2009, he requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On June 29, 2010, Thompson testified at a hearing before ALJ Mark Solomon.

On August 20, 2010, the ALJ issued a decision concluding that Thompson was not disabled within the meaning of the Social Security Act. In reaching that conclusion, the ALJ assigned "some weight" to, but also discounted, the opinion of one of Thompson's treating physicians, and declined to contact her before discounting her opinion. The Appeals Council denied Thompson's request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision.

On September 18, 2012, Thompson commenced this action. *See* Dkt. 2 ("Complaint"). The Complaint asserts that the ALJ's decision was not supported by substantial evidence and was predicated on multiple legal errors. *Id.* On September 20, 2012, the Court referred this case to Judge Pitman. Dkt. 6. On January 18, 2013, the Commissioner answered. Dkt. 9.

On March 27, 2013, Thompson filed a motion to reverse and remand the Commissioner's decision, Dkt. 12, along with a supporting memorandum of law, Dkt. 13 ("Thompson Br."). On September 13, 2013, the Commissioner filed a cross-motion for judgment on the pleadings, Dkt. 18, and a supporting memorandum of law, Dkt. 19 ("Comm'r Br."). On October 4, 2013, Thompson filed a reply to the Commissioner's cross-motion. Dkt. 21.

On July 7, 2014, Judge Pitman issued the Report, recommending that the Court deny Thompson's motion to remand and grant the Commissioner's cross-motion for judgment on the

pleadings. Dkt. 22. On August 15, 2014, Thompson filed objections to the Report. Dkt. 24

("Thompson Obj."). On October 10, 2014, the Commissioner filed a response to Thompson's

objections. Dkt. 27 ("Comm'r Resp.").

## II.    Discussion

### A.    Applicable Legal Standards

"A district court may set aside the Commissioner's determination that a claimant is not

disabled only if the factual findings are not supported by 'substantial evidence' or if the decision

is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted);

*see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has

been made, "a district court need only satisfy itself that there is no clear error on the face of the

record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1

(S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp.

2d 163, 169 (S.D.N.Y. 2003). Where a party timely objects to a Report and Recommendation,

the district court reviews those portions of the report to which the party objected *de novo*. 28

U.S.C. § 636(b)(1)(C). However, "it is well-settled that when the objections simply reiterate

previous arguments or make only conclusory statements, the Court should review the report for

clear error." *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1

(S.D.N.Y. June 25, 2013); *accord Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009)

(collecting cases). That is, "[r]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citation omitted).

## B.     Thompson's Objections to the Report

Thompson raises three objections to Judge Pitman's Report. All three arise from the same alleged error, and none requires *de novo* review.

First, Thompson claims that the ALJ failed to properly apply the treating physician rule, which affords controlling weight to a treating physician's opinion if it is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record. Thompson Obj. 2–13. The ALJ considered the opinion of Dr. Faith Aimua, one of Thompson's treating physicians, but assigned that opinion less than controlling weight. Report at 30–31. Thompson raised this purported error before Judge Pitman, *see* Thompson Br. 12–16, and the Report specifically addresses the issue, *see* Report at 30–36. Judge Pitman concluded that the ALJ had a sufficient basis for giving Dr. Aiuma's opinion less than controlling weight because her opinion was inconsistent with her own contemporaneous treatment notes and with other substantial evidence in the record. *Id.* at 32–34. Because this issue was raised before and considered by Judge Pitman, the Report's conclusions are reviewed for clear error. *Ortiz*, 558 F. Supp. 2d at 451. The Court finds none.

Thompson attempts to avoid this limited standard of review by arguing that Judge Pitman impermissibly "supplanted the ALJ's findings with his own conclusions." Thompson Obj. 4. This argument is unavailing. As the Report notes, "the ALJ must consider—but need not explicitly discuss—the six factors set forth by 20 C.F.R. § 416.927(d)" before affording the

opinion of a claimant's treating physician less than controlling weight. Report at 31 (citing *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013)). In "determining whether the SSA's conclusions were supported by substantial evidence in the record," *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012), the Court therefore may articulate arguments not made by the ALJ in the first instance. *See, e.g., Halloran v. Barnhart*, 362 F.3d 28, 31–32 (2d Cir. 2004) (per curiam) (affirming ALJ opinion that "does not expressly acknowledge the treating physician rule" because the Court's "searching review of the record" revealed "that the substance of the treating physician rule was not traversed"). Such explication of the legitimate bases for the ALJ's decision does not "supplant[] the ALJ's findings" and is not error.

Second, Thompson argues that the ALJ did not fulfill his obligation to fully develop the administrative record, specifically, that he erred in declining to seek additional information or clarification from Dr. Aimua before discounting her opinion. Thompson Obj. 13–16. This objection substantially overlaps with Thompson's first objection, and the Court rejects it for the same reason: Thompson raised this argument before Judge Pitman, *see* Thompson Br. 22–24, and the Report specifically addresses it, *see* Report at 34–35. Judge Pitman noted that ALJs must contact treating physicians before rejecting their opinions in some circumstances, such as when the opinion "is perceived as insufficiently explained." *Id.* at 35. But where, as here, the opinion is affirmatively inconsistent with other evidence in the record including the applicant's own testimony, the ALJ is not obliged to contact the treating physician before discrediting, in part, her opinion. *Id.* The Court finds no error, let alone clear error, in this analysis.

Third, Thompson contends that the ALJ did not correctly apply the governing legal standard for determining his residual functional capacity ("RFC"). Thompson Obj. 16–20. Although styled as an independent objection, this argument relies on Thompson's interpretation

of the treating physician rule. The first part of this objection reiterates that "[a]s discussed in Part I, Dr. Aimua's opinion should be controlling, thus the ALJ committed significant error by not giving Dr. Aimua's opinion controlling weight when considering Mr. Thompson's functional limitations and restrictions." *Id.* at 17. The Court has already considered, and rejected, this argument. The second part of this objection contends that the ALJ and Judge Pitman "failed to resolve the inconsistencies in the evidence" before classifying Thompson's RFC. *Id.* at 18. However, the inconsistencies Thompson identified were between Dr. Aimua's opinion and the shared opinion of other physicians. *See id.* at 18–20. By properly discounting Dr. Aimua's opinion, the ALJ resolved that inconsistency. Accordingly, the Court finds no clear error in the Report's review of the ALJ's RFC findings.

## CONCLUSION

For the reasons articulated in the Report, the Court denies Thompson's motion and grants the Commissioner's cross-motion. The Clerk of Court is directed to terminate the motions pending at docket numbers 12 and 18, and to close this case.


SO ORDERED.

Paul A. Engelmayer
United States District Judge


Dated: December 29, 2014
       New York, New York